J-A35023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: R.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.M. | No. 1311 WDA 2014 |

Appeal from the Order entered July 2, 2014,
in the Court of Common Pleas of Westmoreland County,
Juvenile Division, at No(s): CP-65-DP-0000094-2014

BEFORE:   BENDER, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JANUARY 07, 2015**

J.M. ("Mother") appeals from the order which adjudicated her minor son, R.W. ("Child"), born in June of 2014, to be dependent.  We affirm.

On June 19, 2014, the Westmoreland County Children's Bureau ("WCCB") filed a dependency petition as to Child, alleging that Child's biological father ("Father") was incarcerated, and that he was an indicated perpetrator of physical and sexual abuse of two of Child's half-siblings.[1]  The petition also alleged that Mother was an indicated perpetrator of medical neglect for failing to report and failing to act after one of Child's half-siblings suffered severe injuries inflicted by Father.  The petition indicated that both Father and Mother were facing criminal charges as a result of their actions.

---

[1] At the time of the adjudication, Father had submitted to a paternity test to determine whether he was actually the biological father of Child.  The results of that test are not contained in the certified record.  However, on appeal, both Mother and the Guardian *ad Litem*, who submitted a brief as an appellee, describe Father as Child's biological parent.

WCCB filed a motion for aggravated circumstances as to Mother on June 27, 2014.

A dependency hearing was held on July 2, 2014, during which the trial court heard the testimony of WCCB caseworker, Paula Cerra; Mother's therapist, Benjamin Yaroch; and L.C., Child's maternal grandmother. An order adjudicating Child dependent was entered that same day. The order also found aggravated circumstances as to Mother, and the court issued a separate aggravated circumstances order as well. On July 31, 2014, Mother timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Mother presents the following issues for our review.

I. Whether the [t]rial [c]ourt abused its discretion and committed an error of law in finding that the Westmoreland County Children's Bureau proved by clear and convincing evidence that the minor child, [Child] is dependent based on hearsay opinion/diagnosis evidence where the declaring party did not testify.

II. Whether the [t]rial [c]ourt abused its discretion and committed an error of law by basing its ruling on Agency documents and reports that were not disclosed to Mother prior to or during the adjudication hearing. Further, the [c]ourt made findings based on a picture of A.M. and a picture of a text message which were not entered into evidence and were not disclosed to Mother. The [c]ourt did not order the Agency to provide this discovery after Mother's objections.

III. Whether the [t]rial [c]ourt abused its discretion in finding and committed an error of law by finding that the Westmoreland County Children's Bureau proved by clear and convincing evidence that aggravated circumstances exist as to Mother.

Mother's Brief at 7 (suggested answers omitted).

We consider Mother's issues mindful of the following.

Our Supreme Court set forth our standard of review for dependency cases as follows.

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.,* 608 Pa. 9, 9 A.3d 1179, 1190 (2010) (citation omitted).

> To adjudicate a child dependent, a trial court must determine, by clear and convincing evidence, that the child:

> is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk.

42 Pa.C.S.A. § 6302. "Clear and convincing" evidence has been defined as testimony that is "so clear, direct, weighty, and convincing as to enable the trier of facts to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re C.R.S.,* 696 A.2d 840, 843 (Pa. Super. 1997) (citation omitted).

> In accordance with the overarching purpose of the Juvenile Act "[t]o preserve the unity of the family whenever possible," *see* 42 Pa.C.S.A. § 6301(b)(1), "a child will only be declared dependent when he is presently without proper parental care and when such care is not immediately available." *In re R.T.,* 405 Pa. Super. 156, 592 A.2d 55, 57 (1991) (citation omitted). This Court has defined "proper parental care" as "that care which (1) is geared to the particularized needs of the child and (2) at a minimum, is likely to prevent serious injury to the child." *In re C.R.S., supra* at 845 (citation omitted).

In regard to when a child should be removed from parental custody, we have stated:

> The law is clear that a child should be removed from her parent's custody and placed in the custody of a state agency only upon a showing that removal is clearly necessary for the child's well-being. In addition, this court had held that clear necessity for removal is not shown until the hearing court determines that alternative services that would enable the child to remain with her family are unfeasible.

*In re K.B.,* 276 Pa. Super. 380, 419 A.2d 508, 515 (1980) (citations omitted). In addition, this Court has stated: "[I]t is not for this [C]ourt, but for the trial court as fact finder, to determine whether [a child's] removal from her family was clearly necessary." *In re S.S.*, 438 Pa. Super. 62, 651 A.2d 174, 177 (1994).

*In re A.B.*, 63 A.3d 345, 349-50 (Pa. Super. 2013).

Mother's first claim is that the trial court based its decision to adjudicate Child dependent on inadmissible hearsay testimony. Mother's Brief at 15-17. Mother cites to several instances where the trial court admitted alleged hearsay evidence over the objection of counsel. *Id.* at 11.

> When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.
>
> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Phillips v. Lock*, 86 A.3d 906, 920 (Pa. Super. 2014) (quoting *Stumpf v. Nye*, 950 A.2d 1032, 1035-36 (Pa. Super. 2008), *appeal denied*, 962 A.2d 1198 (Pa. 2008)).

After a thorough review of the testimony presented during the dependency hearing, we conclude that Mother is not entitled to relief. Even if we were to determine that the trial court erroneously admitted certain hearsay testimony, this would not warrant a reversal of the trial court's order. Even excluding the statements to which counsel objected, there was more than enough testimony produced during the hearing to support the adjudication of dependency.

Ms. Cerra, the WCCB caseworker, testified that Child's half-sibling, A.M., was hospitalized due to "acute injuries to the scrotum." N.T., 7/2/2014, at 47. Moreover, at the time A.M. was hospitalized, it was determined that he had pre-existing facial injuries. A.M.'s facial injuries were beginning to heal, and it appeared that they had been inflicted days before the hospitalization. *Id.* at 47, 64-66. Medical reports indicated that A.M. was still in severe pain as a result of his facial injuries at the time he was hospitalized, and Ms. Cerra confirmed, during cross-examination by Father's counsel, that according to A.M.'s physician, the injuries "would have caused severe pain and did require medical attention." *Id.* at 48, 65.

Additionally, when Mother sent a picture of A.M.'s face to his biological father, the father reacted with concern. *Id.* at 59. Mother responded by

stating multiple times that she did not want to get others involved, because she did not want to be investigated. *Id.* at 59-60. Ms. Cerra testified that, had she been made aware of A.M.'s facial injuries at the time they occurred, she would have put a safety plan in place. *Id.* at 64. She noted that she saw a picture of A.M.'s face taken prior to his hospitalization, and that she believed A.M. needed medical care based on viewing the picture. *Id.* at 30.

In sum, the testimony presented during the dependency hearing established that A.M. suffered facial injuries causing severe pain, that the seriousness of A.M.'s injuries was apparent, and that the injuries remained untreated for days until A.M. was finally hospitalized as a result of injuries to his scrotum. This evidence by itself is sufficient to affirm the adjudication of Child's dependency, as it demonstrates that Mother and Father had, at the very least, subjected A.M. to inexcusable neglect.

Mother's next issue is that the trial court abused its discretion by adjudicating Child dependent based on evidence presented at a custody hearing involving Mother and the father of Child's half-siblings. Mother's Brief at 17-19. Mother directs our attention to the findings of fact that were issued by the trial court in conjunction with its dependency order, and contends that the trial court erroneously took judicial notice of testimony and exhibits presented at the custody hearing in order to support these findings. *Id.*

Again, we conclude that Mother is not entitled to relief. As we explained, *supra*, there was ample testimony presented during the dependency hearing to support the court's conclusion that Child should be adjudicated dependent. Thus, even if we were to conclude that the trial court erred by taking judicial notice of evidence presented at the custody hearing, this would not warrant a reversal of the trial court's order.

Finally, Mother argues that the trial court erred by finding aggravated circumstances. *Id.* at 19-20. "Aggravated circumstances" are defined as follows.

> **"Aggravated circumstances."** Any of the following circumstances:
>
> (1) The child is in the custody of a county agency and either:
>
> > (i) the identity or whereabouts of the parents is unknown and cannot be ascertained and the parent does not claim the child within three months of the date the child was taken into custody; or
> >
> > (ii) the identity or whereabouts of the parents is known and the parents have failed to maintain substantial and continuing contact with the child for a period of six months.
>
> (2) The child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent.

(3) The parent of the child has been convicted of any of the following offenses where the victim was a child:

(i) criminal homicide under 18 Pa.C.S. Ch. 25 (relating to criminal homicide);

(ii) a felony under 18 Pa.C.S. § 2702 (relating to aggravated assault), 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault) or 3125 (relating to aggravated indecent assault).

(iii) A misdemeanor under 18 Pa.C.S. § 3126 (relating to indecent assault).

(iv) An equivalent crime in another jurisdiction.

(4) The attempt, solicitation or conspiracy to commit any of the offenses set forth in paragraph (3).

(5) The parental rights of the parent have been involuntarily terminated with respect to a child of the parent.

42 Pa.C.S. § 6302.

Instantly, Mother's argument with respect to this issue consists of two sentences with no substantive discussion or citation to authority. *See* Mother's Brief at 19-20. Thus, this claim is waived. *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the

claim.") (citations and quotation marks omitted). Even if Mother had preserved this claim properly, she would still not be entitled to relief. Mother merely repeats her argument that the trial court relied erroneously on hearsay testimony. For the reasons discussed *supra*, no relief is due.

Accordingly, because we conclude that the trial court did not abuse its discretion by adjudicating Child dependent, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2015